**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PAKENAUTH GEER,

                                Plaintiff,

            - v -                                    Civ. No. 9:14-CV-261
                                                                    (TJM/RFT)

ST. MAIL CLERK WHORF; EDWARDS; B. IRWIN;
CHAPMAN; and SHARROW,

                                Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

PAKENAUTH GEER
Plaintiff, *Pro Se*
05-A-1952
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Pakenauth Geer. Dkt. No. 1, Compl.[1] Plaintiff is currently incarcerated at Washington Correctional

---

[1] Since the filing of the instant Complaint, Plaintiff filed six other civil rights actions in this Court. *See Geer v. Crook, et al.*, Civ. No. 9:14-CV-324 (MAD/RFT); *Geer v. McFarren, et al.*, Civ. No. 9:14-CV-589 (DNH/TWD); *Geer v. Lewis, et al.*, Civ. No. 9:14-cv-650 (DNH/CFH); *Geer v. Clark, et al.*, Civ. No. 9:14-CV-813 (LEK/TWD); *Geer v. U.S. Post Master, et al.*, Civ. No. 9:14-CV-957 (MAD/ATB); *Geer v. Beebe, et al.*, Civ. No. 9:14-CV-984 (DNH/DEP).

Facility and has paid the statutory filing fee.[2] Notwithstanding his full payment of the filing fee, Plaintiff seeks permission to proceed with this action *in forma pauperis* (IFP). Dkt. No. 10.

## II. DISCUSSION

### A. IFP Application

Upon review of Plaintiff's IFP Application (Dkt. No. 10), the Court finds that Plaintiff has demonstrated sufficient economic need and therefore **grants** his request to proceed with this action IFP.

Having found that Plaintiff meets the financial criteria for commencing this action IFP, and because Plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is this Court's responsibility to determine whether Plaintiff may properly maintain the Complaint. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in

---

[2] This action was originally commenced in the Eastern District of New York on or about February 6, 2014, and was transferred to this District on March 20, 2014. Dkt. Nos. 1 & 4. Because Plaintiff failed to submit an *in forma pauperis* application that was properly certified, this case was administratively closed; Plaintiff was given an opportunity to have his case reopened by complying with this District's Rules in filing the proper documentation. Dkt. No. 6. Subsequently, Plaintiff paid the full filing fee and the case was reopened and is now ready for the Court's initial review. Dkt. No. 8.

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

### B.    Sufficiency of the Complaint

The facts set forth in Plaintiff's Complaint are sparse and are oftentimes simply accompanied by conclusory statements of the law. Nevertheless, in liberally construing Plaintiff's pleading, the Court finds that the following facts are alleged in Plaintiff's Complaint. Plaintiff's claims arise out of his confinement at Washington Correctional Facility. *See generally* Compl. On September 19, 2013, Defendant B. Irwin, at the direction of an unnamed supervisor, issued Plaintiff a "bogus ticket," put him in keeplock, and prevented him from seeing a doctor. *Id.* at Part IV ("Statement of Claim"). On September 25, 2013, Defendant Edwards issued a penalty of thirty days loss of "everything."[4] *Id.* On October 10, 2013, Defendant Chapman stopped Plaintiff from preparing legal documents, and, on November 15, 2013, Defendant Sharrow issued Plaintiff a "bogus ticket" for listening to his radio too loudly. *Id.* Lastly, on unspecified dates, Defendant St. Mail Clerk Whorf interfered with Plaintiff's outgoing legal mail and read his incoming private and legal mail.

---

[4] Although Plaintiff states in his Complaint that Defendant Edwards issued the penalty on September 25, 2014, clearly Plaintiff misstated the year. In light of the fact that all the events complained of in this Complaint are alleged to have occurred, if at all, in late 2013, we presume that Plaintiff meant September 25, 2013.

*Id.*

Construing the Complaint liberally, it appears that Plaintiff has attempted to allege violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The Court will assess the viability of these claims as currently pled.

### 1. Denial of Medical Care

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)). To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). This standard contains both objective and subjective elements. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberative indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* at 183-84 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) & *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). The subjective element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Plaintiff states that Defendant Irwin, at the direction of some unnamed supervisor, put him in keeplock in order to prevent him from seeing a doctor. Plaintiff does not state the reason why he needed to see a doctor thus preventing this Court from assessing whether he has sufficiently pled an objectively serious medical condition or need. And, Plaintiff does not state whether Defendant Irwin was aware of any serious medical need, such that the Court could assess whether he possessed the requisite culpable state of mind. Accordingly, Plaintiff's claim for denial of medical care does not rise to the level of an Eighth Amendment violation, and any such claim against Defendant Irwin is subject to dismissal.

### 2. False "Tickets"

Plaintiff asserts that on different dates, he was issued "bogus tickets" by Defendants Irwin and Sharrow. The Court liberally construes these allegations to be accusations against Defendants Irwin and Sharrow for issuing false misbehavior reports against Plaintiff.

Fatal to such claims, however, is the well established rule that prisoners have no constitutional right to be free from being falsely accused. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that prison inmates do not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest[]"). Rather, the Constitution guarantees that such inmates will not be "deprived of a protected liberty interest without due process of law." *Id*. Thus, as long as the prison officials provided the inmate with procedural due process requirements, *i.e.*, a hearing and an opportunity to be heard, "the filing of unfounded charges d[oes] not give rise to a *per se* constitutional violation actionable under section 1983." *Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir. 1988) (quoting *Freeman v. Rideout*, 808 F.2d at 953); *see also Wolff v. McDonnell*, 418 U.S. at 564-66.

At this stage, there are no facts pled by which we can assess the process Plaintiff received, or didn't receive, upon receipt of these allegedly false charges. We further note that while prisoners have a substantive due process right not to be falsely accused as retaliation for engaging in a constitutionally protected rights, *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988), no where does Plaintiff allege that Defendants Irwin and/or Sharrow issued false misbehavior reports as a means of retaliating against him, nor has he pled any facts from which it can be inferred that Plaintiff exercised a constitutional right for which he was retaliated against by the issuance of false reports. Therefore, Plaintiff fails to state a cognizable claim against Defendants Irwin and Sharrow.

### 3. Disciplinary Sentence

Plaintiff complains that, on September 25, 2013, Defendant Edwards assessed him with a penalty of thirty days loss of "everything." This sole allegation against Defendant Edwards falls far short of stating a plausible claim for relief. Perhaps Plaintiff is alleging that Defendant Edwards violated his due process rights in conjunction with a disciplinary hearing. Or, Plaintiff just takes umbrage at the overall sentence imposed by Edwards. Regardless of the theory being proposed, it is clear that this sparse allegation will not suffice in maintaining any claim against Defendant Edwards.

To the extent Plaintiff is attempting to allege a violation of his due process rights, the Court makes the following observations. The Due Process Clause of the Fourteenth Amendment protects against restraints or conditions of confinement that "exceed[] the sentence in . . . an unexpected manner[.]" *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To state a due process claim under § 1983, an inmate must first establish that he enjoys a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Inmates' liberty interests are derived from two sources: (1) the Due Process Clause of the Fourteenth Amendment; and (2) state statute or regulations. *Id*.

With regard to liberty interests arising directly under the Due Process Clause, the Supreme Court has "narrowly circumscribed its scope to protect no more than the 'most basic liberty interests in prisoners[,]'" *Arce v. Walker*, 139 F.3d at 333 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)), and limited to freedom from restraint that "exceed[] the sentence in . . . an unexpected manner[,]" *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

Turning to liberty interests created by the state, the Supreme Court states that such liberty interests shall be limited solely to those deprivations which subject a prisoner to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. at 484; *see also Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citing *Sandin*); *Welch v. Bartlett*, 196 F.3d 389, 392 (2d Cir. 1999).

Plaintiff's Complaint is utterly bereft of any facts by which the Court could assess whether he had a liberty interest in remaining free from the sentence imposed by Defendant Edwards, and thus the Court cannot find that any claim for alleged due process violations could proceed.

### 4. First Amendment Claims

In liberally construing Plaintiff's Complaint, it appears to the Court that Plaintiff accuses Defendants Chapman and St. Mail Clerk Whorf of violating his First and Fourteenth Amendments rights to access the courts when Defendant Chapman prevented him from preparing legal documents and when Defendant Whorf interfered with his legal mail.

Interference with legal mail implicates a prison inmate's right to access the courts and free speech as guaranteed by the First and Fourteenth Amendments. *Davis v. Goord*, 320 F.3d 346, 351

(2d Cir. 2003). The Second Circuit has stated that in order to state a claim for denial of access to the courts via interference with legal mail, the plaintiff must allege that the defendant caused actual injury, i.e., the defendant "took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Id*. (quoting *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (further citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Additionally, a prisoner's First Amendment rights are implicated when the "free flow of incoming and outgoing mail" is hindered. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "Restrictions on prisoners' mail are justified only if they 'further[] one or more of the substantial governmental interests of security, order, and rehabilitation . . . [and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Id*. (quoting *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986) (alterations in original)). When balancing these competing interests, courts generally afford greater protection to legal mail versus non-legal mail; similarly, outgoing mail has more protection than incoming. *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Davis v. Goord*, 320 F.3d at 351. When asserting a First Amendment violation resulting from interference with mail, the prisoner must show that the prison officials "regularly and unjustifiably interfered with the incoming legal mail." *Cancel v. Goord*, 2001 WL 303713, at *6 (S.D.N.Y. Mar. 29, 2001) (citing *Washington v. James*, 782 F.2d at 1139); *see also Morgan v. Montaneye*, 516 F.2d 1367, 1371 (2d Cir. 1975) (holding that an isolated incident of tampering is insufficient to state a constitutional violation). Note, however, the Second Circuit has held that as few as two incidents of mail tampering may be sufficiently actionable "(1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received."

*Davis v. Goord*, 320 F.3d at 351 (citing *Washington v. James*, 782 F.2d at 1139). Thus, in cases where the incidents are few and a violation is not patent, the plaintiff should specifically allege invidious intent or actual harm. *Id.* (citing cases). Furthermore, mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp 864, 871 (S.D.N.Y 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)).

In the case at bar, Plaintiff has not alleged any actual injury stemming from the Defendants' alleged interference with his legal mail or impeding the preparation of legal documents. Nor has he provided enough facts for the Court to assess whether the Defendants regularly and unjustifiably interfered with his legal mail. Thus, these claims are also subject to dismissal.

### 5. Dismissal with Leave to Amend

Based on the foregoing, the entire Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

However, in light of his *pro se* status, the Court recommends that prior to outright dismissal, Plaintiff be afforded an opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Should the Court accept this recommendation, Plaintiff should be directed to file an amended pleading that sets forth a short and plain statement of the facts on which he relies to support his claim that the individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights. Furthermore, Plaintiff should be aware that any amended complaint would completely replace the prior complaint in the action, and that no portion of any prior complaint, or any other filing with the Court, shall be incorporated into his amended complaint by reference.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for *In Forma Pauperis* (Dkt. No. 10) is **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, in light of his *pro se* status, prior to outright dismissal, the Court further

**RECOMMENDS**, that Plaintiff be allowed to file an amended complaint, consistent with the directions above, that would replace the prior Complaint *in toto*; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 5, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge